UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EARLE NUESSE III,                )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    No. 4:12 CV 1356 DDN
                                 )
TOMTOM, INC.,                    )
                                 )
        Defendant.               )

## MEMORANDUM AND ORDER

This action is before the court on the cross-motions of plaintiff Earle Nuesse III and of defendant TomTom, Inc. to enforce settlement agreement. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 5.) The court held a telephonic hearing on this matter on June 14, 2013.

## I. BACKROUND

On July 31, 2012, plaintiff brought claims for breach of contract and discrimination in violation of the Americans with Disabilities Act and the Missouri Human Rights Act against defendant, stemming from his termination of employment on or near January 31, 2011. (Doc. 1.)

On May 17, 2013, plaintiff Earle Nuesse III brought this motion to enforce settlement agreement against defendant TomTom, Inc. (Doc. 40.) According to the motion, on March 21, 2013, defendant's counsel sent a letter to plaintiff's counsel offering to settle the case with defendant for $2,500. (Id. at ¶ 3.) The offer was contingent upon plaintiff's dismissal of the lawsuit with prejudice and plaintiff's execution of a settlement

and general release agreement with standard terms, including a release of all known and unknown claims. (Id. at ¶ 4.) On April 16, 2013, after several subsequent monetary offers and requests, plaintiff accepted defendant's offer to settle the claims for $90,000. (Id. at ¶ 6-7.) In defendant's acceptance email, he stated that he would send plaintiff a settlement agreement with conditions noted in the March 21 letter. (Id. at ¶ 8.) At no point during negotiations was confidentiality discussed by the parties as a term of the contract. (Id. at ¶ 9.) The proposed settlement agreement was received by plaintiff on May 8, 2013, and included a confidentiality clause, in addition to several other terms that had not been discussed or agreed to by the parties. (Id. at ¶ 14.) Plaintiff removed these terms, initialed each entry, signed the release, and returned the agreement to the defendant. (Id. at ¶ 18.) To date, defendant has not made payment to plaintiff. (Id. at ¶ 22.) As a result, plaintiff seeks to enforce the settlement agreement, and recover attorney's fees and lost interest on settlement proceeds. (Id. at ¶ 23-24.)

In a cross-motion, defendant seeks to enforce settlement agreement against plaintiff and for sanctions against plaintiff for publically disclosing settlement amount. (Doc. 42.) Defendant argues that the "standard terms" included in the general release agreement mentioned in the March 21 letter included confidentiality and non-disparagement terms. (Id. at ¶ 6.) Defendant further alleges that during a telephone call prior to April 16, defendant's counsel told plaintiff's counsel that the agreement would include confidentiality and non-disparagement terms. (Id. at ¶ 5.) On May 16, 2013, defendant requested that plaintiff not reveal the settlement amount in plaintiff's motion to enforce settlement. (Id. at ¶ 8.) On May 17, 2013, plaintiff publically filed a motion seeking to enforce settlement that included the settlement amount. (Id. at ¶ 9.) As a result, defendant seeks to enforce the settlement agreement and recover sanctions and attorney's fees.

## II. MOTION TO ENFORCE SETTLEMENT

It is well established that settlement agreements are governed by principles of contract law. See MIF Realty L.P. v. Rochester Associates, 92 F.3d 752, 756 (8th Cir.1996); N.L.R.B. v. Superior Forwarding, Inc., 762 F.2d 695, 697 (8th Cir. 1985). Therefore, a valid settlement agreement requires a mutuality of agreement, i.e. a "meeting of the minds." Chaganti & Associates, P.C. v. Nowotny, 470 F.3d 1215, 1221 (8th Cir. 2006). A court should determine whether such a meeting of the minds took place by "looking to the intentions of the parties as expressed or manifested in their words or acts." Id. An enforceable settlement requires the parties to reach agreement on the material terms of the deal; however agreements that do not expressly resolve ancillary issues may still be enforceable. Sheng v. Starkey Labs., 117 F.3d 1081, 1083 (8th Cir. 1997); see also Chaganti, 470 F.3d at 1221.

No enforceable settlement agreement exists between the parties. Although the parties reached an agreement to the monetary value of the settlement, the contract hinged on other material terms not yet agreed to. See Jackson v. Fed. Reserve Emp. Benefit Sys., 2009 WL 2982924 (D. Minn. 2009); see also Sheng, 117 F.3d at 1083; Goddard v. Henry's Food, Inc., 291 F.Supp.2d 1021, 1028 (holding that whether a particular term is material is a legal determination for the court). The confidentiality clause is a material term that was not resolved. Although confidentiality clauses are not per se material, the parties' arguments reveal that parties considered confidentiality material to the agreement.

It is evident that both parties had different understandings regarding whether confidentiality and non-disparagement clauses were included in the "standard terms" of a settlement agreement. Because both parties were under conflicting assumptions as to this material term, there was no "meeting of the minds" sufficient to create a contract on April 16, 2013. Therefore, the proposed settlement agreement sent by defendant to plaintiff on May 8, 2013, constituted an offer. When plaintiff made changes to the agreement and returned it to defendant, a counter-offer was made, which was not accepted. Because

there was no settlement agreement reached by the parties, attorney's fees and sanctions for publically disclosing the settlement amount are not applicable.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that plaintiff's motion to enforce settlement agreement (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that defendant's cross-motion to enforce settlement agreement (Doc. 42) is denied.

**IT IS FURTHER ORDERED** that the parties' claims for sanctions and attorneys' fees are denied.

**IT IS FURTHER ORDERED** that the amended case management order issued on April 9, 2013 (Doc. 39) remains in effect.


      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on June 20, 2013.